UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN MAYZICK,

               Plaintiff,

               -against-

THE COUNTY OF NASSAU, DETECTIVE
MATTHEW Q. ROSS & DETECTIVE
McHUGH,

               Defendants.

------------------------------------------------------------X

DECISION AND ORDER
11-cv-4153 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge**

Jonathan Mayzick ("Plaintiff") initiated this action by complaint filed August 26, 2011. Dkt. 1 ("Compl."). The County of Nassau ("County"), Detective Matthew Q. Ross ("Ross"), and Detective McHugh ("McHugh") (collectively, "Defendants") have moved the Court to dismiss the Complaint in its entirety. Dkt. 18 ("Def's Mot."). Because Plaintiff has failed to meet the pleading requirements necessary to state claims for relief against the individual and municipal Defendants for purported violations of his rights accruing under 42 U.S.C. § 1983, Plaintiff's Complaint is dismissed in its entirety.

## I. Background

The following facts, which the Court takes as true for the purposes of this Fed. R. Civ. P. 12(c) motion, are taken from the Complaint and from any documents properly considered pursuant to this motion. *See L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.") (internal quotation marks omitted). To this end, the Court takes

1

judicial notice of Nassau County Court Indictment Number 01-01500N-10, which was cited in Plaintiff's Complaint. *See* Compl. ¶ 11.

This case involves a dispute arising out of an incident occurring on or about June 18, 2010. Compl. ¶ 10. Plaintiff alleges that on or about that day, he was "without just cause, falsely and unlawfully arrested by the aforementioned members" of the Nassau County Police Department. *Id.* Plaintiff claims that because of the unlawful and false arrest, he "suffered loss of liberty for approximately one year and was falsely and unlawfully indicted and prosecuted under Nassau County Court Indictment Number 01-01500N-10 and falsely charged with Murder in the Second Degree and other related charges." *Id.* ¶ 11. After being charged and prosecuted, Plaintiff "was eventually tried and acquitted of all charges after a trial by jury in the County of Nassau." *Id.* ¶ 12.

Plaintiff claims to have suffered damages amounting to five million dollars for the false arrest and prosecution. Compl. ¶ 13. On November 15, 2012, Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), in which they ask the Court to dismiss all of Plaintiff's claims. *See* Def.'s Mot.

## II. Discussion

### A. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the

Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### B. False Arrest

Plaintiff brings a 42 U.S.C. § 1983 false arrest claim against Defendants. The elements of the federal and state false arrest claims are substantially the same. *See Savino v. City of N.Y.*, 331 F.3d 63, 75 (2d Cir. 2003); *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 269 (S.D.N.Y. 2010) (Preska, J.). The plaintiff must establish that (1) the defendant intentionally confined plaintiff; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *See Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (citing *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)). "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Warheit v. City of N.Y.*, 271 F. App'x 123, 126 (2d Cir. 2008) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Nonetheless, an official in a supervisory position may be held liable for a subordinate's

conduct in certain ways, such as failing to remedy a wrong upon learning of the violation, creating or maintaining a custom or policy that resulted in constitutional violations, or acting with gross negligence or deliberate indifference in the face of the subordinate's unconstitutional conduct. *Id.* (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

Turning to the Complaint, it becomes immediately apparent that Plaintiff has failed to meet the pleading requirements necessary to state a § 1983 false arrest claim. No facts regarding how the arrest took place are provided. The few allegations to be found in the Complaint are short, conclusory, and almost entirely devoid of appreciable factual content. The allegations fail even to attempt a formulaic recitation of the elements of a false arrest cause of action. Instead, Plaintiff merely states that "[o]n or about the 18th day of June, 2010, the plaintiff . . . was, without just cause, falsely and unlawfully arrested by the [Defendants]," and that "by reason of the foregoing the plaintiff suffered loss of liberty for approximately one year." Compl. ¶¶ 10-11. This will not suffice to withstand a motion to dismiss because a plaintiff must present factual allegations that, accepted as true, state a claim for relief that is facially plausible. *See Iqbal*, 556 U.S. at 678. And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Complaint fails to illustrate in any way how the arrest was unlawful other than merely labeling it so. This will not do.

Based on the few factual allegations present in the Complaint, the Court cannot draw the requisite reasonable inference that Defendants Ross and McHugh are liable for the misconduct alleged. Therefore, Plaintiff has failed to state a claim upon which relief can be granted and his false arrest cause of action is dismissed. *See, e.g., Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 18 (2d Cir. 2011) (dismissing § 1983 false arrest claim because nowhere did the complaint

specify the actual evidence plaintiff believed to be falsified and the complaint's allegations were merely conclusory and generally lacked a factual foundation).

### C. Malicious Prosecution

Plaintiff also brings a malicious prosecution claim for violation of his constitutional rights protected under 42 U.S.C. § 1983. As with false arrest, the elements necessary to prove malicious prosecution under § 1983 and New York state law are substantially the same. *Jocks*, 316 F.3d at 134. For a plaintiff to prove his malicious prosecution cause of action, he must satisfy four elements. First, the plaintiff must show that the defendant initiated a criminal proceeding. Second, that proceeding must have been terminated in favor of the plaintiff. Third, plaintiff must prove that no probable cause existed for the criminal charge. Lastly, the defendant must have acted maliciously. *Savino*, 331 F.3d at 72 (quoting *Colon v. City of N.Y.*, 60 N.Y.2d 78, 82 (1983)). The New York Court of Appeals has explained that the law "places a heavy burden on malicious prosecution plaintiffs" because "accusers must be allowed room for benign misjudgments." *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (N.Y. Ct. App. 2000).

In evaluating a malicious prosecution claim, the Court looks to whether a grand jury indictment gave rise to the criminal charge at issue because such an indictment creates a presumption that probable cause supported the prosecution. "Once a suspect has been indicted . . . the law holds that the Grand Jury action creates a presumption of probable cause." *Rothstein v. Carriere*, 373 F.3d 275, 282-83 (2d Cir. 2004) (quoting *Colon*, 60 N.Y.2d at 82); *see also Lewis v. City of N.Y.*, 12-CV-2836, 2013 WL 6816615, at *8 (E.D.N.Y. Dec. 24, 2013) (Mauskopf, J.) ("Indictment creates a presumption of probable cause."). That presumption may be overcome, but "only by evidence establishing that the police witnesses have not made a complete and full

statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." *Rothstein*, 373 F.3d at 283 (quoting *Colon*, 60 N.Y.2d at 82-83). Therefore, a plaintiff must prove that the grand jury indictment was the product of fraud, perjury, the suppression of evidence, or other police action undertaken in bad faith in order to succeed in a malicious prosecution claim. *Id.* (quoting *Colon*, 60 N.Y.2d at 83).

Here, Plaintiff was indicted by a grand jury for the crimes that underlie his malicious prosecution action. This indictment gives rise to a presumption that probable cause supported Plaintiff's prosecution. Although Plaintiff could have, in turn, pled facts sufficient to allege the indictment was produced through fraud or other wrongful police conduct, he did not.[1] All the Complaint offers to suggest Plaintiff is alleging a malicious prosecution cause of action is the statement that Plaintiff was unlawfully prosecuted "under Nassau County Court Indictment Number 01-01500N-10 and falsely charged with Murder in the Second Degree and other related charges." Compl. ¶ 11. Plaintiff thus recognizes the indictment that gives rise to a presumption that Defendants had probable cause to prosecute him, but does nothing more than complain that he was "falsely and unlawfully indicted" and later "tried and acquitted of all charges." Compl. ¶¶ 11-12. But the mere assertion that Plaintiff was acquitted is insufficient to overcome the presumption produced by the grand jury's indictment. *See Lewis*, 2013 WL 6816615 at *8 (dismissing plaintiff's malicious prosecution claim because "Plaintiff allege[d] nothing about

---

[1] Plaintiff's argument in his opposition that, *inter alia*, Defendant Ross offered perjured testimony before the grand jury, Dkt. 19 ("Opp.") ("Defendant Ross was less than totally forthcoming in his sworn testimony before the Grand Jury."), is an invalid attempt to use motion briefing to amend the complaint. *See, e.g., Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, 75 Fed. R. Serv. 3d 238, at *12, n.5 (E.D.N.Y. 2009) (Matsumoto, J.) (holding that a party could not use an opposition motion as a means of amending the complaint).

6

how his indictment was procured; he allege[d] only that Defendant Officers charged him without admissible evidence and prosecuted him without probable cause").

In addition, Plaintiff failed to plead the basic elements of a malicious prosecution cause of action in the first instance. As with his false arrest claim, Plaintiff provides no factual specifics connected to his prosecution, but only summarily concludes that he was "falsely and unlawfully indicted and prosecuted." Compl. ¶ 11. While detailed factual allegations are not necessary, the Court will not accept an "unadorned, the-defendant-unlawfully-harmed-me accusation" that merely offers "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Outerbridge v. Tobon*, 11-CV-3843, 2012 WL 2553497, *4 (S.D.N.Y. July 3, 2012) (Fox, M.J.) (dismissing malicious prosecution claim where plaintiff failed to allege facts that would allow the court to draw a reasonable inference that the defendants were liable for the alleged misconduct), *report and recommendation adopted sub nom. Outerbridge v. City of N.Y.*, 11-CV-3843, 2012 WL 2952931 (S.D.N.Y. July 19, 2012) (Sullivan, J.). Therefore, by failing to meet the basic pleading requirements to state a malicious prosecution claim, and without any factual allegations specifically alleging fraud or misconduct to rebut the presumption of probable cause that his indictment creates, Plaintiff's malicious prosecution claim fails as a matter of law and is dismissed.

### D. Municipal Liability

Lastly, Plaintiff asserts a municipal liability claim against the County of Nassau.[2] However, Plaintiff has failed to allege facts sufficient to support such a claim. To state a cause

---

[2] The caption of the Complaint names the County of Nassau as the municipal Defendant, but later in the Complaint the Plaintiff references "The City of New York" in its section discussing municipal liability. Compl. at 1, 4. Although the Court construes the municipal Defendant to be

7

of action against a municipal defendant under 42 U.S.C. § 1983, a plaintiff must allege that a municipal policy or custom caused the purported violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *see also Davis v. City of N.Y.*, 75 F. App'x 827, 829 (2d Cir. 2003) (collecting cases). From a careful review of the Complaint, it is clear that Plaintiff alleges no facts that plausibly suggest the existence of any policy or custom by the County of Nassau that deprived Plaintiff of his constitutional rights arising under § 1983.

Plaintiff does not allege any specific, wrongful acts attributable to the County of Nassau that might suggest a widespread practice of misconduct. As demonstrated above, Plaintiff fails to even provide factual allegations sufficient to show why his arrest and prosecution violated his § 1983 rights. There is even less of an attempt to offer instances of other wrongful conduct that might suggest municipal liability. This, again, will not do. *See Khapesi v. City of N.Y.*, 13-CV-4391, 2014 WL 2605342, at *6-7 (S.D.N.Y. June 10, 2014) (Forrest, J.) (dismissing municipal liability claim where Plaintiff failed to allege any other instances of wrongful conduct other than the one at issue by municipal defendant); *Liang v. City of N.Y.*, 10-CV-3089, 2013 WL 5366394, at *16 (E.D.N.Y. Sept. 24, 2013) (Vitaliano, J.) (dismissing municipal liability claim on summary judgment where plaintiff's "allegations regarding an unofficial practice or custom [were] limited to the actions of specific detectives in a single police unit and factually supported only by [the] pleader's perceptions of his own experience"); *Giaccio v. City of N.Y.*, 502 F. Supp. 2d 380, 389 (S.D.N.Y. 2007) (Sweet, J.) (dismissing municipal claim because the Complaint, alleging only three instances of wrongful disclosure of drug test results, was insufficient to make out a pattern or practice of unconstitutional conduct), *aff'd* 308 F. App'x 470 (2d Cir. 2009).

---

the County of Nassau, as its attorneys have appeared and defended the action, the Court's reasoning dismissing the municipal claim would apply with equal force to a claim against the City of New York.

With no other instances of constitutional violations alleged in the Complaint, it is unclear upon what grounds an accusation against the municipality rests. Indeed, Plaintiff fails to even provide facts illustrating the circumstances of his own purportedly unlawful arrest and prosecution. The Complaint makes no allegations identifying any specific policies or persistent customs that relate to his false arrest and malicious prosecution claims. Therefore, Plaintiff's claim against the County of Nassau is dismissed.

### III. Conclusion

For the reasons discussed above, the Court GRANTS the Defendants' motion to dismiss. The Complaint is dismissed in its entirety without prejudice. The Clerk of Court is instructed to close the case.

**SO ORDERED**

Dated: Brooklyn, New York
July 22, 2014

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge